46 F.3d 1151
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Benny R. JENKINS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-5097.
 United States Court of Appeals, Tenth Circuit.
 Feb. 1, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Benny R. Jenkins appeals the district court's affirmance of the decision by the Secretary of Health and Human Services (Secretary) denying his application for social security disability benefits. Because the Secretary's decision is not supported by substantial evidence, we reverse and remand for further proceedings.
 
 
 3
 In November 1988, and again in December 1989, Mr. Jenkins suffered work-related injuries to his right shoulder and neck. He applied for disability benefits and Supplemental Security Income on January 8, 1991, alleging that his shoulder and neck injuries, together with his depression, rendered him unable to work after December 1989.
 
 
 4
 After a hearing, the administrative law judge (ALJ) found that although Mr. Jenkins' injuries prevented him from returning to his past work, he retained the ability to perform a significant number of light assembly jobs and, therefore, was not disabled. The Appeals Council denied review. Mr. Jenkins filed an action in the United States District Court for the Western District of Oklahoma. Finding the Secretary's decision to be supported by substantial evidence and that no legal errors occurred, the district court affirmed. This appeal followed.
 
 
 5
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).
 
 
 6
 Mr. Jenkins argues that the ALJ committed legal error in relying on the grids, and, somewhat inconsistently, that a vocational expert should not have been called because Social Security Ruling 83-12 directs a finding of disabled when a claimant qualified only for unskilled work must alternate sitting and standing. Mr. Jenkins' first argument is without merit. The ALJ did not rely on the grids, but simply used them as a "framework," as permitted by the regulations and our past cases. See R. II at 33; Hargis v. Sullivan, 945 F.2d 1482, 1490 (10th Cir.1991).
 
 
 7
 Mr. Jenkins' argument regarding Social Security Ruling 83-12 borders on frivolous. The ruling discusses a category of cases in which the claimant's nonexertional limitations place him between categories, that is, when the claimant cannot perform the full range of a specific kind of work. Using the example of a claimant who must alternate sitting and standing, the ruling notes that "[u]nskilled jobs are particularly structured so that a person cannot ordinarily sit or stand at will." Soc. Sec. Rul. 83-12. The ruling does not mandate a finding of disabled under such circumstances, however, but simply advises that "a [vocational expert] should be consulted to clarify the implications for the occupational base." Id. As this is exactly the procedure that was followed here, there was no legal error.
 
 
 8
 Similarly, the ALJ did not err in failing to develop the record regarding the length of time Mr. Jenkins could sit, stand or walk, or the impact that Mr. Jenkins' injuries had on his daily activities. The record does not support Mr. Jenkins' argument that the ALJ improperly disregarded his treating physician's opinions, as none of the physicians opined that Mr. Jenkins' injuries would prevent him from working for twelve months or more. The record also supports the ALJ's conclusion that although Mr. Jenkins suffers some pain, the pain is not disabling.
 
 
 9
 There is a problem, however, in the ALJ's conclusion that, despite his nonexertional impairments, Mr. Jenkins could perform the light assembly jobs identified by the vocational expert. The ALJ found that Mr. Jenkins' ability to perform the full range of light work was limited by several conditions, including numbness of his dominant right hand. R. II at 32. The ALJ initially included this condition in his hypothetical question to the vocational expert, to which she replied that Mr. Jenkins could perform a significant number of light assembly jobs. Id. at 68-69. The vocational expert later testified, however, that a person with a numb dominant hand "definitely" could not perform the assembly work. Id. at 71. Because the ALJ's determination that Mr. Jenkins could perform a significant number of jobs was based on the vocational expert's testimony, his conclusion is not supported by substantial evidence and the case must be remanded for clarification.
 
 
 10
 The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED and the case is remanded for further proceedings.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470