85 F.3d 641
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rena WILLIAMS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellee.
 No. 95-7119.
 United States Court of Appeals, Tenth Circuit.
 May 8, 1996.
 
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Rena Williams[3] appeals from an order of the district court affirming the Secretary's determination that she is not disabled and, therefore, not entitled to benefits. We affirm.
 
 
 3
 Ms. Williams alleged disability due to her hearing loss and mental impairments. The administrative law judge (ALJ) denied benefits at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988), holding that Ms. Williams could perform a significant number of sedentary and light jobs existing in the national economy.
 
 
 4
 On appeal, Ms. Williams argues substantial evidence does not support the ALJ's determination that she is not disabled as the ALJ did not properly evaluate the effects of her hearing loss and mental impairment. She also argues the ALJ delegated his responsibility to the vocational expert (VE) to evaluate the evidence, pose a hypothetical, and enter conclusory testimony.
 
 
 5
 "We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994) (citations and quotation omitted).
 
 
 6
 Ms. Williams argues substantial evidence does not support the ALJ's determination that she is not disabled as the ALJ did not consider her testimony and made no express credibility findings. Ms. Williams was born in 1973, was educated through the ninth grade, and has never worked. Ms. Williams' intelligence has been estimated at low average. She has a history of one major depression which occurred while she was living with an abusive man. She may also have some neurological deficits. All the professionals Ms. Williams has seen since 1983 have noted the impact Ms. Williams' hearing loss has had on her abilities and have recommended hearing aids. In particular, Dr. Mynatt, a consulting psychiatrist, stated Ms. Williams' psychological problems were related to her hearing difficulties and that she was probably more capable than her borderline IQ would indicate because of her hearing difficulties. R. Vol. II at 154. Ms. Williams testified she could not find work because of her hearing problems. She also testified she had a medical card, but did not know how to use it to get hearing aids. Further, Ms. Williams attributed her feelings of depression and difficulties in getting along with people to her hearing loss.
 
 
 7
 Substantial evidence supports the ALJ's determination that, while Ms. Williams' impairments are severe enough to reduce her ability to work, they are not severe enough to warrant a finding of disability. Ms. Williams' argument that the ALJ did not make specific findings regarding her credibility is specious. The ALJ credited Ms. Williams' testimony, aside from finding that the medical evidence did not support her statement that she had some deficits in her ability to concentrate.
 
 
 8
 Ms. Williams argues the ALJ did not properly evaluate the effects of her hearing loss and her mental impairment. The ALJ accepted both that Ms. Williams had a hearing loss and a borderline intellect. Further, the fact that Ms. Williams' hearing can be improved with hearing aids supports the ALJ's determination of no disability. Cf. Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir.1986)(a symptom which can reasonably be controlled by treatment is not disabling); 20 C.F.R. Pt. 404, subpt. P. app. 1. 2.08 (hearing impairment is determined by hearing loss not restorable by hearing aids).
 
 
 9
 Ms. Williams also argues the ALJ delegated his responsibility to the VE to evaluate the evidence and pose his own hypothetical. The record does not support this argument, nor does Ms. Williams point to errors in the information the VE relied on to form his opinions. Further, counsel questioned the VE regarding various impairments alleged by Ms. Williams. The VE testified that, aside from counsel's suggestion that Ms. Williams was easily angered and, therefore, would walk off the job with great regularity, these impairments would not limit the number of jobs available to her. Counsel's suggestion that Ms. Williams would walk off the job regularly is not supported by either the record or her testimony.
 
 
 10
 Ms. Williams claims her hearing impairment and her mental impairment together would support a disability finding. On the record before us, we cannot conclude Ms. Williams is disabled.
 
 
 11
 Rather than pursue this frivolous appeal, counsel's efforts on Ms. Williams' behalf would have been better spent assisting her in obtaining hearing aids, or directing her friends, family, or a public assistance organization to assist her in the purchase of hearing aids. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [3]
 The medical records submitted as part of the administrative record refer to either Rena Stowe or Rena Sue Allen. At the hearing, Ms. Stowe stated she was divorced but using her married name. As the medical records relate to Ms. Williams' claims of impairment, we presume Ms. Stowe has remarried and is now legally known as Rena Williams