UNITED STATES COURT OF APPEALS
**Filed 9/17/96**
FOR THE TENTH CIRCUIT

JERILYN BURGESS,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

       Defendant-Appellee.

No. 96-7018
(D.C. No. CV-94-534-B)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before BRORBY, BARRETT, and EBEL, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Jerilyn Burgess appeals from an order of the district court affirming the decision of the Secretary to award her benefits for a closed period of time--December 29, 1988 through July 31, 1990. Ms. Burgess asserts that she has not regained the ability to work and her benefits should continue. We affirm.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994)(citations and quotation omitted).

The administrative law judge determined at step five[1] that as of July 31, 1990, Ms. Burgess had regained the ability to perform the full range of sedentary work. Ms. Burgess argues this determination was incorrect because the administrative law judge did not correctly evaluate her mental impairments which

---

[1]    See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(explaining the five-step sequential process).

are the result of her use of narcotic pain relievers. In particular, Ms. Burgess argues the administrative law judge incorrectly interpreted the medical assessment form filled out by the consulting psychologist, Dr. Gordon. Ms. Burgess cites to Cruse v. United States Department of Health & Human Services, 49 F.3d 614 (10th Cir. 1995) to support her argument. Ms. Burgess raises no argument as to the administrative law judge's determination that her physical impairments have resolved sufficiently to permit her to perform sedentary work.

Ms. Burgess originally claimed disability only due to back problems and resulting pain. On appeal, the district court remanded the case finding that the record was not sufficiently developed to determine whether Ms. Burgess had the physical ability to engage in substantial gainful activity during the relevant time period. On remand, the administrative law judge, stating that he was unsure what additional information the district court desired, ordered both an orthopedic and a mental consultation.

Physically, Ms. Burgess was noted to have been enrolled at a junior college taking computer sciences and accounting since January 1990. She takes two classes a semester with three to four hours of homework a week per class. She handles the time in the classroom well as long as she can stand up when she needs to. She has a grade point average of 3.14. She also works in the bursar's office doing accounting and data entry for four hours a day as part of a work-study

program. She drives seventeen miles each way to school every day. She does not do heavy housework and does no yard work. Ms. Burgess stated that she felt she could work in the bursar's office eight hours a day if she could stand when she needed to. She likes to take an afternoon nap when she can to rest her legs.

Dr. Gordon noted that her chief complaint was of pain resulting from her back problems. Dr. Gordon noted that Ms. Burgess did show depression and anxiety features. He concluded she had a moderate dysthymic disorder and could be addicted to the narcotic analgesics she takes. He determined that while she might have chronic pain syndrome, it was not severe. He concluded that Ms. Burgess was capable of performing sedentary work and "must be considered to be a viable member of our work force." Appellant's App. Vol. II at 306.

As part of his evaluation, Dr. Gordon filled out the "Medical Assessment of Ability to do Work-Related Activities (Mental)" form. He rated Ms. Burgess in most areas as "fair." The form defines the word "fair" to mean that the individual's ability to function is seriously limited, but not precluded.

In Cruse, we held that, according to the form's definition, a marking of "fair" on the medical assessment form was evidence of disability. 49 F.3d at 618. Ms. Burgess urges us to apply that holding without consideration of the rest of the record. This we will not do. As noted *supra*, p.2, we review the record *as a whole* (as does the administrative law judge in making his original determination).

In Cruse, we not only reviewed the rating on the medical assessment form, but also examined the doctors' written notes which clearly supported a finding of a severe mental impairment. 49 F.3d at 616, 618-19.

The administrative law judge is required to "evaluate every medical opinion" he receives. 20 C.F.R. § 404.1527(d). Further, the administrative law judge may reject a professional's opinion, if the professional's conclusions are not supported by that professional's own records. Cf. Castellano, 26 F.3d at 1029.

Here, no evidence supports Dr. Gordon's ratings on the medical assessment form. Dr. Gordon concluded that Ms. Burgess is capable of working. Indeed, Ms. Burgess even agreed that she could work if her need to stand could be accommodated. Ms. Burgess' current ability to hold a part-time job while going to school and maintaining an excellent grade point average belies any attempt to claim that any mental dysfunction she may have affects her to the point of disability.

We caution counsel against attempting to apply case holdings without first examining whether the facts underlying his client's claims support application of the holding. At no time prior to the psychiatric consultation had Ms. Burgess claimed any mental impairment. Indeed, at the hearing on remand, counsel stated that this was "solely an orthopedic case." Appellant's App. Vol. II at 179. Only

after <u>Cruse</u> was decided (and on appeal to the district court), did counsel advance the argument that Ms. Burgess was disabled due to a mental impairment. We have not, nor will we, elevate the blanket use of a case holding over the proper examination and consideration of the record as a whole.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge