George CASTELLANO, Plaintiff–Appellant,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellee.

No. 93–2288.

United States Court of Appeals, Tenth Circuit.

June 17, 1994.

---

Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,* District Judge.

LUNGSTRUM, District Judge.

Plaintiff George Castellano appeals from an order of the district court affirming the Secretary's decision denying him Social Security disability benefits. We affirm.[1]

Plaintiff applied for benefits alleging disability as of September 1987. Plaintiff claimed he was disabled due to cervical degenerative disc disease and cervical, thoracic, and lumbar strain with resulting myofascial pain. The administrative law judge (ALJ) denied benefits at step five, *see Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir.1988), holding that plaintiff retained the residual functional capacity to perform the full range of light and sedentary work.

On appeal, plaintiff argues the medical evidence does show that he is disabled, particularly because his treating physician found that plaintiff's impairment was equal to a listed impairment. *See* 20 C.F.R. § 404, Subpt.P, App. 1, Sec. 1.05 A and C. Plaintiff also argues the ALJ substituted his opinion for that of the treating physician's and the ALJ erred in applying the grids because plaintiff's pain is disabling.

■ We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. *See Andrade v. Secretary of Health & Human Servs.,* 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)). We do not reweigh the evidence.

---

James G. Chakeres, Albuquerque, NM, for plaintiff-appellant.

John J. Kelly, U.S. Atty., Gayla Fuller, Chief Counsel, Region VI, Christopher Carillo, Lead Atty., Dallas, TX, for defendant-appellee.

---

* Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

*Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1498 (10th Cir.1992).

Plaintiff argues the ALJ erred in not crediting his treating physician's opinion, expressed in a letter to counsel, that plaintiff was totally disabled at step three. In 1991, the Secretary adopted new regulations addressing the weight the Secretary will give to opinions proffered by a treating physician. *See* 20 C.F.R. §§ 404.1527, 416.927. A treating physician may offer an opinion which reflects a judgment about the nature and severity of the claimant's impairments including the claimant's symptoms, diagnosis and prognosis, and any physical or mental restrictions. *See id.* §§ 404.1527(a)(2), 416.-927(a)(2). The Secretary will give controlling weight to that type of opinion if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. *See id.* §§ 404.1527(d)(2), 416.927(d)(2). A treating physician may also proffer an opinion that a claimant is totally disabled. That opinion is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the Secretary. *Id.* §§ 404.1527(e)(2), 416.927(e)(2).

In contrast to the situation in the Second Circuit, *see Schisler v. Sullivan,* 3 F.3d 563, 568 (2d Cir.1993) (new regulations are valid and binding on court even though they are at variance with prior circuit precedent), in this circuit the regulations have merely codified existing law. *See Sorenson v. Bowen,* 888 F.2d 706, 711 (10th Cir.1989) (Secretary must give substantial weight to treating physician's opinion), *Williams,* 844 F.2d at 758 (treating physician's conclusion regarding disability does not mandate finding of disability by Secretary).[2]

■ The treating physician opined that plaintiff was totally disabled at step three. Clearly, this opinion is not binding on the Secretary in making his ultimate determination of disability. Further, the treating physician's opinion that plaintiff's physical problems are severe and disabling is also not supported by the record.

■ A treating physician's opinion may be rejected if his conclusions are not supported by specific findings. *See* 20 C.F.R. § 404.-1527(d); *Hamilton,* 961 F.2d at 1498. The ALJ rejected the treating physician's opinion here because the treating physician's own office records did not support his later expressed opinion that plaintiff was totally disabled. The treating physician did not suggest plaintiff's condition had deteriorated since his last examination of plaintiff when he had opined that plaintiff could return to some kind of light or sedentary work. *Cf. Harris v. Secretary of Health & Human Servs.,* 821 F.2d 541, 544 (10th Cir.1987) (ALJ not justified in discounting treating physician's new opinion that claimant's condition was deteriorating, thus changing physician's prior opinion that claimant would be able to return to work). Instead, the physician indicated plaintiff's condition had not changed since he had first begun treating him. Appellant's App. at 113.

The treating physician's office notes are supported by objective medical evidence (X-rays have identified no abnormality) and plaintiff's testimony. The office notes show the treating physician reported and credited plaintiff's complaints of pain. However, his examinations have shown that despite the pain, plaintiff had good range of motion in his neck and used pain medication sparingly. Plaintiff testified to minimal use of pain medication ranging from needing no pain medication at all to taking such medication a maximum of twice a day. Plaintiff also testified his usual activities included fixing breakfast for himself and his son and doing some housework. He testified his back, shoulder, and neck act up when he walks too much and he cannot lift his arms over his shoulders.

The treating physician consistently opined that plaintiff would not be able to return to his prior work and recommended that plaintiff pursue a vocational rehabilitation plan. Plaintiff testified he is pursuing such a plan and is taking computer courses. The ALJ acted in accordance with the regulations in not accepting the treating physician's opinion that plaintiff is disabled.

**2.** Because the new regulations merely codify existing circuit law, we need not address whether they apply retroactively. *See Nelson v. Sullivan,* 966 F.2d 363, 367–68 (8th Cir.1992).

■ The ALJ's reliance on the grids was not error as the ALJ found plaintiff's testimony regarding his pain not fully credible. *See Williams,* 844 F.2d at 755 (credibility determinations are province of the ALJ); *see also Eggleston v. Bowen,* 851 F.2d 1244, 1247 (10th Cir.1988) (presence of nonexertional impairment does not preclude use of grids if nonexertional impairment does not further limit claimant's ability to perform work). The ALJ's determination is supported by substantial evidence in the record.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.