30 F.3d 142
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Christine WILLIAMS, Plaintiff-Appellant,
v.
Donna SHALALA, Secretary, Health and Human Services,
Defendant-Appellee.
 No. 93-6414.
 United States Court of Appeals, Tenth Circuit.
 July 20, 1994.
 
 Before LOGAN, SETH, and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from an order of the district court affirming the Secretary's decision denying her application for supplemental security income benefits. We affirm.
 
 
 3
 Plaintiff applied for benefits with a protective filing date of October 11, 1990, alleging disability since July 15, 1987. She claimed disability resulting from possible multiple sclerosis. After conducting a hearing, the administrative law judge (ALJ) concluded that plaintiff retained the residual functional capacity to perform work sedentary in nature, with the limitation that the work allow for occasional standing or walking. The ALJ's determination was made at step five, see Williams v. Bowen, 844 F.2d 748, 752 (10th Cir.1988), where the burden had shifted to the Secretary to demonstrate that, considering plaintiff's age, education and work experience, and in light of exertional and nonexertional factors, "plaintiff could still qualify for jobs existing in significant numbers in the national economy," Gay v. Sullivan, 986 F.2d 1336, 1338 (10th Cir.1993).
 
 
 4
 Plaintiff contends on appeal that substantial evidence does not exist to support the ALJ's finding that plaintiff's multiple sclerosis does not meet the listings as set forth in 20 C.F.R. Part 404, Subpart P, App. 1. In support thereof, plaintiff points to Dr. Banowetz's opinion to that effect. Plaintiff also argues lack of substantial evidence to support the ALJ's finding that plaintiff qualifies for the full range of sedentary activity.
 
 
 5
 We must affirm the Secretary's findings if they are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Id. at 401 (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). In applying this standard on review, we do not reweigh the evidence. Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991).
 
 
 6
 The ALJ discounted Dr. Banowetz's opinion of June 17, 1991, that plaintiff was disabled, because it was not supported by the objective findings as set forth in Dr. Banowetz's medical assessment of claimant's ability to perform work activities, dated June 4, 1991. After having examined plaintiff in March of 1991, Dr. Banowetz stated in a letter dated April 16, 1991, that plaintiff should be restricted from performing heavy manual labor or manual activities, and that she may be capable of performing sedentary work. The medical records do not indicate that plaintiff saw Dr. Banowetz between her March visit and the doctor's June 17, 1991 letter in which he opined that plaintiff was disabled, so the record contains no evidence giving insight to the change in Dr. Banowetz's opinion, such as what changes in plaintiff's condition had occurred. In addition, Dr. Banowetz's statements in the June 17, 1991 letter do not coincide with the attached medical assessment form, in which the doctor indicated that plaintiff's impairments did not affect her ability to sit, plaintiff could lift or carry ten pounds, she could stand or walk for a total of three hours in an eight-hour work day, she could occasionally stoop, crouch, kneel and crawl, she could never climb or balance, and she had environmental restrictions concerning heights, moving machinery, and temperature extremes. The assessment indicated that plaintiff's impairments did not affect her ability to reach, handle, finger, feel, push/pull, see, hear, or speak.
 
 
 7
 The Secretary is required to give controlling weight to a treating physician's opinion if it is
 
 
 8
 supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the record. [20 C.F.R.] 404.1527(d)(2), 416.927(d)(2). A treating physician may also proffer an opinion that a claimant is totally disabled. That opinion is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the Secretary. Id. 404.1527(e)(2), 416.927(e)(2).
 
 
 9
 Castellano v. Secretary of Health & Human Servs., No. 93-2288, 1994 WL 265071, at * 1 (10th Cir. June 17, 1994). Further, when a treating physician's opinion is brief, conclusory, and unsupported by medical evidence, it may be rejected if specific, legitimate reasons are given. Frey v. Bowen, 816 F.2d 508, 513 (10th Cir.1987).
 
 
 10
 After reviewing the record, we hold that the ALJ's specific and legitimate reasons for rejecting Dr. Banowetz's disability determination are supported by substantial evidence, as is the ALJ's finding that plaintiff's impairment does not meet the listings. We further hold that the record contains substantial evidence to support the ALJ's findings regarding plaintiff's residual functional capacity. The judgment of the United States District Court for the Western District of Oklahoma is, therefore, AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470