83 F.3d 432
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Christine E. KELLEY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner, Social Security
Administration,[1] Defendant-Appellee.
 No. 95-4079.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 Before KELLY and BARRETT, Circuit Judges, and BROWN,*** Senior District Judge.
 ORDER AND JUDGMENT[2]
 JAMES E. BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Claimant Christine E. Kelley appeals from the district court's order affirming the decision of the Secretary of Health and Human Services, denying her application for social security disability benefits. Agency regulations establish a five-step sequential analysis to evaluate disability claims. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(describing five steps in detail). Here, the administrative law judge (ALJ) reached step five, determining that claimant could perform a significant number of jobs in the national economy.
 
 
 3
 Claimant filed suit in district court and the district court, adopting the magistrate judge's report and recommendation, affirmed the agency's denial of benefits. Our jurisdiction over this appeal arises from 28 U.S.C. 1291. Our review of the agency's decision is limited to determining whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994).
 
 
 4
 On appeal, claimant contends that the ALJ improperly relied on the testimony of a vocational expert (VE) because the VE's testimony was inconsistent with both the Dictionary of Occupational Titles (DOT) and the ALJ's hypothetical and because her testimony regarding the number of jobs available nationally was "highly suspect." Further, claimant argues the ALJ failed to properly develop the record in light of claimant's representation before the agency by a nonattorney. Claimant also takes issue with the district court's decision, arguing various legal points in connection with the above-listed issues.
 
 
 5
 After careful review of the record on appeal and after consideration of the parties' briefs in light of the standards set out above, we conclude that substantial evidence supports the agency's decision and that the ALJ applied the correct legal standards. Further, the district court correctly decided this case. Therefore, for substantially the same reasons set forth in the district court's order dated March 21, 1995, adopting the magistrate judge's thorough report and recommendation dated December 22, 1994, the judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 ***
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3