UNITED STATES COURT OF APPEALS

**Filed 6/25/96**

FOR THE TENTH CIRCUIT

WESLEY C. JACKSON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner of
Social Security,[*]

      Defendant-Appellee.

No. 95-5193
(D.C. No. CV-94-222)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before EBEL, BARRETT, and HENRY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Wesley C. Jackson appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny him disability benefits under the Social Security Act. Agency regulations establish a five-step sequential analysis to evaluate disability claims. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(describing five steps in detail). Here, the administrative law judge (ALJ) reached step five, determining that claimant could perform a significant number of jobs in the national economy.

Claimant filed suit in district court and the parties consented to submit the case to a magistrate judge pursuant to 28 U.S.C. § 636(c). The magistrate judge affirmed the agency's denial of benefits, and claimant now appeals. Our jurisdiction over this appeal arises from 28 U.S.C. § 1291. Our review of the agency's decision is limited to determining whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

On appeal, claimant raises five issues: 1) the ALJ improperly evaluated claimant's subjective allegations of pain, 2) the ALJ improperly credited the opinion of one consultative

2

physician over another, 3) the ALJ failed to correctly evaluate claimant's residual functional capacity and failed to develop the record regarding claimant's alleged mental impairment, 4) the Appeals Council ignored a psychological report submitted by claimant after the hearing, and 5) the ALJ erred in applying the grids to determine whether claimant is disabled.

After careful review of the record on appeal and after consideration of the parties' briefs in light of the standards set out above, we conclude that substantial evidence supports the agency's decision and that the ALJ applied the correct legal standards. Further, the district court correctly decided this case. Therefore, for substantially the same reasons set forth in the magistrate judge's order dated August 18, 1995, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

3