**Filed 8/14/96**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

SHIRLEY H. ST. CLAIR,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

      Defendant-Appellee.

No. 95-5278
(D.C. No. 94-C-244-M)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, BRIGHT,[***] and KELLY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Shirley H. St. Clair appeals an order of the district court affirming the Secretary's determination that she was not eligible for disability benefits. Ms. St. Clair claimed she was unable to work due to pain caused by her degenerative joint disease, especially affecting the cervical and lumbar areas; fatigue; and shortness of breath and dizziness associated with asthma and chronic obstructive lung disease. The administrative law judge (ALJ) denied benefits at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), holding that Ms. St. Clair possessed the residual functional capacity to perform the full range of sedentary work.

"We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994)(citations and quotation omitted).

Ms. St. Clair argues substantial evidence does not support the ALJ's determination that she can perform the full range of sedentary work. In view of our disposition, we do not reach this contention.

Ms. St. Clair also argues the ALJ erred in determining her skills were transferable. She contends the ALJ did not comply with Soc. Sec. Rul. 83-11 because he did not identify which of the skills she had acquired as an apartment manager were transferable to other work.

Soc. Sec. Rul. 83-11 states that if transferability of skills is material to the determination of the issue of disability, "the finding of fact requires identification of the [transferable] work skills . . . ." The vocational expert failed to identify which skills Ms. St. Clair possessed would be transferable to a sedentary job. Likewise, in his findings of fact, the ALJ failed to identify any transferable skills. In the absence of a definitive exposition of Ms. St. Clair's transferable skills, we are unable to review this argument.

We therefore, REVERSE the judgment of the United States District Court for the Northern District of Oklahoma and REMAND this case with directions to remand this case to the Commissioner for further consideration of Ms. St. Clair's application in accordance with this order and judgment.

Entered for the Court

-3-

Paul J. Kelly, Jr.
Circuit Judge