UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**Filed 12/10/96**

THERESA M. LARSON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security[*],

      Defendant-Appellee.

No. 95-2194
(D.C. No. CIV-93-853-MV)
(D. N.M.)

ORDER AND JUDGMENT[**]

Before BRISCOE and MURPHY, Circuit Judges, and VAN BEBBER,[***] District Judge.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the Commissioner was the properly named defendant when the notice of appeal in this case was filed, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying agency decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable G. Thomas Van Bebber, Chief Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Theresa Larson appeals from the district court's judgment affirming the decision of the Secretary of Health and Human Services denying her applications for disability and supplemental income benefits under the Social Security Act. After her applications were denied administratively both initially and upon reconsideration, claimant requested a hearing before an administrative law judge (ALJ). The hearing was held on January 27, 1992. The ALJ concluded that claimant was not disabled under the Social Security Act. On May 13, 1993, the Appeals Council denied claimant's request for review, making the ALJ's decision final for purposes of appeal. See Williams v. Bowen, 844 F.2d 748, 749 (10th Cir. 1988)(citing 20 C.F.R. §§ 404.981, 416.1481).

Our jurisdiction over this appeals arises from 42 U.S.C. § 405(g). "We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

The Secretary uses a progressive five-step process to determine the existence of a disability. See, e.g., 20 C.F.R. §§ 404.1520, 416.920; Williams, 844 F.2d at 750-52 (discussing five steps in detail). At the first step, the ALJ evaluates whether the claimant is currently engaged in substantial gainful activity.

20 C.F.R. §§ 404.1520(b), 416.920(b). Here the ALJ found that Larson was not. At the second step, the ALJ determines whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). The ALJ found Larson had such an impairment. Although neither party raises the issue, we note that the ALJ failed to employ the mandatory procedure for evaluating mental impairments in 20 C.F.R. §§ 404.1520a and 416.920a, even though Larson allegedly had a mental impairment. At step three, the Secretary determines whether the impairment meets or equals a listed impairment. 20 C.F.R. §§ 404.1520(d), 416.920(d). The ALJ concluded that Larson's impairment did not meet this step. At step four, the Secretary evaluates whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. §§ 404.1520(e), 416.920(e). The ALJ determined that Larson's impairment met this step. Finally, at step five, the secretary bears the burden to show that the claimant has the residual functional capacity to perform other work. 20 C.F.R. §§ 404.1520(f), 416.920(f). Here, the ALJ found Larson could perform other work and therefore was not disabled.

Larson argues that the ALJ failed to use the proper legal analysis at step three in reaching the conclusion that "Ms. Larson's impairment(s), singly or in combination, has not been severe enough to meet or equal an impairment listed in Appendix 1 under the evaluative standards of 20 C.F.R. 404.1525, 404.1526, 416.925, 416.926." Appellant's App. at 67. In support of this conclusion, the ALJ discussed Larson's medical history, work history, functional abilities, and the severity of her impairments at length and concluded her deficiencies resulted in only slight restrictions in daily living and social functioning. The ALJ evaluated

-3-

the credibility of Larson's nonmedical testimony in this step-three analysis by stating: "Thus, based on the preponderance of evidence before me, I find that Ms. Larson's testimony is not wholly credible." Appellant's App. at 75. The determination of medical equivalency at step three must be based solely on medical evidence, 20 C.F.R. §§ 404.1526(b), 416.926(b). Therefore, the ALJ's consideration of Larson's credibility was in error. Moreover, the step three analysis requires a comparison of medical evidence regarding symptoms, signs, and laboratory findings with the listed impairment sought to be established or the listed impairment most similar to the claimant's. 20 C.F.R. §§ 404.1526(a), 416.926(a). The ALJ engaged in no such comparison in this case and failed to even identify the listed impairment to which Larson's impairment was most similar. We conclude the Secretary applied incorrect legal standards and reverse the ALJ's determination on step three.

Nevertheless, we will address a second error alleged by Larson on appeal as it may arise again on remand. Although the ALJ's opinion is not completely clear, it appears that the ALJ also evaluated Larson's credibility in reference to step five. The ALJ noted in a finding: "Ms. Larson's testimony of subjective complaints and functional limitations was not supported by the evidence as a whole in the disabling degree alleged and therefore lacked credibility." Appellant App. at 77.

Larson argues the ALJ's determination of her credibility is inadequate as a matter of law. We agree. The claimant's nonmedical testimony regarding functional limitations may be crucial evidence at step five in determining

claimant's ability to engage in other work. See Huston v. Bowen, 838 F.2d 1125, 1131-32 (10th Cir. 1988). Where the credibility of the claimant is a crucial factor in determining whether the claimant is disabled, the ALJ cannot summarily conclude the claimant is not credible without more detailed analysis. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Findings as to credibility should be closely and affirmatively tied to substantial evidence and not just conclusions in the guise of findings." Huston, 838 F.2d at 1133. "'Failure to indicate the credibility choices made and the basis for those choices in resolving the crucial subsidiary fact or the truthfulness of subjective symptoms and complaints requires reversal and remand.'" Kepler, 68 F.3d at 391 (quoting Hollis v. Brown, 837 F.2d 1378, 1385 (5th Cir. 1988)).

Our conclusion that the ALJ's findings lack the required specificity and link to evidence in the record is supported by a recent Social Security Ruling. Ruling 96-7p, 61 Fed. Reg. 34483 (91996), 1996 WL 374186, states that the ALJ's reasons underlying a potentially crucial credibility determination "must be grounded in the evidence and articulated in the determination or decision." 1996 WL 374186, at *4. Conclusory statements are insufficient. Id. "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Id.

Because the ALJ's decision employs the wrong legal standard to analyze

Larson's disability at step three, we reverse. We need not reach the balance of Larson's arguments on appeal. The judgment of the United States District Court for the District of New Mexico is REVERSED, and the case is REMANDED to the district court with instructions to remand the case to the Commissioner for further proceedings to evaluate Larson's alleged disability in light of this order.

Entered for the Court

G. Thomas Van Bebber
District Judge