UNITED STATES COURT OF APPEALS
**Filed 12/13/96**
FOR THE TENTH CIRCUIT

FAE TURNER,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,

      Defendant-Appellee.

No. 96-4048
(D.C. No. 94-CV-1093)
(D. Utah)

ORDER AND JUDGMENT[*]

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]      Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff Fae Turner appeals from an order of the district court affirming the Secretary's[1] determination that she is not entitled to disability benefits.  "We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards.  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994)(citations and quotation omitted).

Ms. Turner claimed disability due to diabetes complicated by retinopathy, chronic obstructive pulmonary disease, gout, osteoarthritis, migraines, and fatigue.  The administrative law judge (ALJ) determined at step five of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), that Ms. Turner could perform sedentary work.

On appeal, Ms. Turner contends that this determination is in error because the hypothetical presented to the vocational expert (VE) did not contain all of her

---

[1]      Although Shirley S. Chater, Commissioner of Social Security, has been substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

credible impairments, she does not have the residual functional capacity required for sedentary work, she has no transferable skills which are required for the jobs the VE identified as ones she could perform, and the ALJ used this faulty VE testimony to form the basis of his decision.

We address Ms. Turner's contention that, despite the fact that the VE determined she had no transferable skills, the jobs he identified as ones she could perform are defined as skilled jobs in the Dictionary of Occupational Titles (DOT). She maintains that the DOT controls when a VE's testimony contradicts it, citing to Campbell v. Bowen, 822 F.2d 1518, 1523 n.3 (10th Cir. 1987). We agree with the district court that, even should Ms. Turner be correct that the DOT controls when a contradiction exists, no contradiction is present here.

The DOT contains an explanation that occupational information provided only "reflects jobs as they have been found to occur, but they may not coincide in every respect with the content of jobs as performed in particular establishments or at certain localities." Dictionary of Occupational Titles, Vol. I, at xiii (4th ed. 1991). The DOT shows generally what is required of workers, "not what individual workers are expected to perform on specific jobs." Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, at xi (1993). Consequently, "an occupation found to have certain characteristics in job situations observed by the employment service does not

necessarily preclude the same occupation from having different characteristics in other job situations." Barker v. Shalala, 40 F.3d 789, 795 (6th Cir. 1994)(quotation omitted).

Here the VE did not state that no receptionist or telephone answering service operator job was performed at a level requiring skills. He merely limited the receptionist jobs he was considering for Ms. Turner to those positions which were unskilled. He further identified the type of work a receptionist in an unskilled position would perform, i.e., duties of "answering the phone, greeting the public, and not doing the secretarial kind of work." R. at 172. No error is present.

We have examined Ms. Turner's remaining arguments. After careful review of the record on appeal and consideration of the parties' briefs, we conclude no reversible error occurred. The judgment of the United States District Court for the District of Utah is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge