F I L E D
United States Court of Appeals
Tenth Circuit

JUN 16 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

LOUIS L. PEEK,

        Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 96-5232
(D.C. No. 95-CV-714-J)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before EBEL, HENRY, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from the district court's order affirming the decision of the Commissioner of Social Security denying his application for supplemental security income benefits. We exercise jurisdiction under 42 U.S.C. § 405(g) and 28 U.S.C. § 1291 and affirm.

Plaintiff alleges disability since July 22, 1993, primarily due to pain and other problems associated with a frequently dislocated left shoulder. After conducting a hearing, the administrative law judge (ALJ) determined at step five of the five-step sequential evaluation process, see 20 C.F.R. § 416.920, and after placing the burden of proof on the Commissioner, see Ragland v. Shalala, 992 F.2d 1056, 1057 (10th Cir. 1993), that although plaintiff has a severe dislocation of his left shoulder, he has the residual functional capacity to perform the full range of sedentary work and his testimony was credible to the extent it was consistent with the performance of sedentary work, see II Appellant's App. at 18. The ALJ therefore concluded plaintiff is not disabled. When the Appeals Council denied plaintiff's request for review, the ALJ's decision became the final decision of the Commissioner. Plaintiff sought judicial review in the district court, and the parties consented to assignment of the case to the magistrate judge, who affirmed the decision of the Commissioner. This appeal followed.

"We review the [Commissioner's] decision to determine whether it is supported by substantial evidence and whether the [Commissioner] applied the

correct legal standards." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

On appeal, plaintiff argues that there is not substantial evidence to support the ALJ's determination that he has the capacity to perform a full range of sedentary work, because the ALJ failed to properly consider his postural and manipulative limitations and his pain as nonexertional impairments. In failing to consider these, plaintiff further argues that the ALJ improperly relied on the Medical-Vocational Guidelines (grids) without calling a vocational expert to testify. Additionally, plaintiff alleges that the district court erred in rejecting his subjective complaints of pain and Dr. Davis' opinion that without surgery he is unemployable and totally disabled. He also contends that the district court's decision that he could perform sedentary work was conclusory and based on the absence of "contraindication" rather than on specific evidence.

Contrary to plaintiff's argument, the ALJ did address the nonexertional impairments implicated by plaintiff's recurrent shoulder dislocation. The medical evidence indicates, as the ALJ mostly set forth, see II Appellant's App. at 15, that plaintiff can manipulate small objects, effectively grasp tools, and perform fine

and gross manipulation with both hands, even though he has reduced grip strength in his left hand, cannot lift very much with his left shoulder, and has a limited range of motion in his left shoulder, see id. at 136, 139. These limitations are within the definition of sedentary work, which involves lifting no greater than ten pounds and occasionally lifting or carrying objects such as docket files, ledgers, and small tools. See 20 C.F.R. § 416.967(a).

The evidence, including plaintiff's testimony, also establishes that he does not have significant shoulder pain at times other than when his shoulder is dislocated. Plaintiff takes no pain medication regularly; rather, he had taken medication prescribed by emergency room doctors only after a shoulder dislocation. His activities do not suggest that he experiences significant pain. He testified that he picks up lumber with his right hand and rakes small piles and puts them in bags. See II Appellant's App. at 40; see also id. at 45 (testimony of plaintiff's friend that he does some yard work). He also testified that he has limited use of his left arm. See id. at 34. The ALJ did not minimize the discomfort plaintiff experiences when his shoulder is dislocated, but the ALJ noted that plaintiff need not be pain free to have the ability to engage in substantial gainful employment and that the medical findings the ALJ set forth did not establish a condition likely to produce the amount of pain alleged. Thus, no evidence indicates that pain precludes plaintiff from performing a full range of

sedentary work. Because the ALJ's credibility findings regarding pain are closely and affirmatively linked to substantial evidence and are not merely conclusory, see Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988), we defer to those findings, see Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995).

The only evidence contrary to a determination that plaintiff can perform a full range of sedentary work is Dr. Davis' opinion. Dr. Davis indicated that plaintiff could not work. His handwritten note, however, is brief, conclusory, and unsupported by any medical evidence. See II Appellant's App. at 146. The district court therefore correctly gave little weight to Dr. Davis' opinion that plaintiff was unemployable and disabled. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994).

The ALJ's decision that plaintiff can perform a full range of sedentary work was not based on "contraindication," but rather was based on the medical evidence presented and on an appropriate credibility assessment of plaintiff's complaints. Because the ALJ's decision is supported by substantial evidence, see Gay v. Sullivan, 986 F.2d 1336, 1339 (10th Cir. 1993), we conclude the ALJ correctly determined that plaintiff can perform a full range of sedentary work.

We also conclude the ALJ correctly relied on the grids without calling a vocational expert after finding that plaintiff did not have significant nonexertional impairments and could perform a full range of sedentary work. See Thompson v.

Sullivan, 987 F.2d 1482, 1488 (10th Cir. 1993) (mere presence of nonexertional impairment does not preclude reliance on grids if nonexertional impairment would not impair plaintiff's ability to work).  Even though the ALJ had given notification of the hearing to a vocational expert, who failed to attend the hearing, vocational testimony was unnecessary.  Merely notifying a vocational expert to be available to testify did not prove a need for such testimony.

Although the record indicates that plaintiff would benefit from shoulder surgery and that his shoulder continues to dislocate from time to time, the record also indicates that plaintiff is able to perform a full range of sedentary work without surgery.  That surgery may prevent plaintiff's shoulder from dislocating as easily as it does now is not sufficient to establish plaintiff cannot perform sedentary work.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge