**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FRANCES STANLEY,

        Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,*

        Defendant-Appellee.

No. 97-5018
(D.C. No. 95-CV-818-J)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Effective March 1, 1997, John J. Callahan was appointed Acting
Commissioner of Social Security. Pursuant to Fed. R. App. P. 43(c), John J.
Callahan is substituted for former commissioner Shirley S. Chater as the
defendant in this action. Effective March 31, 1995, the functions of the Secretary
of Health and Human Services in social security cases were transferred to the
Commissioner of Social Security. P.L. No. 103-296.

\*\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Frances Stanley appeals from an order of the magistrate judge[1] affirming the decision of the Commissioner to deny disability insurance benefits on the grounds that she was not disabled as of September 30, 1989, the date her insured status lapsed.[2]  We exercise our jurisdiction pursuant to 28 U.S.C. § 636(c)(3) and affirm.

Ms. Stanley resigned from her position as a spool-winder for a manufacturer of fishing rods and reels in 1985, due to problems with her back and high blood pressure.  In September 1989, she received an initial diagnosis of systemic lupus erythematosus (lupus), a progressive disease characterized by exacerbations and remissions.  During that month, a treating physician noted that she was "not in an apparent flare," R. Vol. I at 199, that the disease was "quiescent," id. at 198, and that her symptoms required nothing stronger than a

---

[1]     Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to proceed before the magistrate judge.

[2]     This appeal concerns the second administrative decision denying Ms. Stanley's application for benefits.  Initially, the administrative law judge (ALJ) determined that Ms. Stanley was not disabled and the Appeals Council denied review.  On July 29, 1992, the district court remanded the case for further proceedings.  The Appeals Council vacated the ALJ's order and remanded the case to the ALJ, who held a supplemental hearing on January 14, 1994.

nonsteroidal agent, id. at 197-98. Ms. Stanley filed an application for disability benefits on September 22, 1989.

Based on the medical evidence, as well as the testimony provided by Ms. Stanley, her son, a medical expert, and a vocational expert, the administrative law judge (ALJ) concluded that Ms. Stanley did have lupus as of September 30, 1989, but the disease did not impair her ability to do basic work activities at that time. He therefore determined, at step two of the five-step process for evaluating social security claims, that Ms. Stanley did not have a medically severe impairment or, alternatively, at step four, that she was able to perform her past relevant work. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process in detail). The Appeals Council denied Ms. Stanley's request for review, so that the decision of the ALJ became the final decision of the Commissioner.

On judicial review in the district court, Ms. Stanley argued that the Commissioner's decision should be reversed for four reasons: (1) the ALJ failed to apply the "treating physician rule" or follow the previous order of remand; (2) the ALJ improperly discounted the credibility of her testimony; (3) the ALJ refused to recognize that her lupus prevented her from working on a regular basis; and (4) the ALJ improperly evaluated her complaints of pain. In a thoughtful and well-drafted opinion, the magistrate judge addressed each of Ms. Stanley's issues,

rejected her arguments, and affirmed the decision of the Commissioner. On appeal, Ms. Stanley essentially repeats the arguments she made to the magistrate judge.

We review the Commissioner's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Because Ms. Stanley does not dispute that her insured status expired on September 30, 1989, our focus is on whether the evidence established that she was disabled prior to that date. See Miller v. Chater, 99 F.3d 972, 975 (10th Cir. 1996).

After a review of the entire record, we determine that Ms. Stanley failed to sustain her burden. We AFFIRM the judgment of the United States District Court for the Northern District of Oklahoma for substantially the same reasons stated in the order of the magistrate judge, a copy thereof being attached hereto.

Entered for the Court


Wade Brorby
Circuit Judge