**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

STEPHEN VANSICKLE,

        Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,[*]

        Defendant-Appellee.

No. 97-7000
(D.C. No. 94-CV-570)
(E.D. Okla.)

ORDER AND JUDGMENT[**]

Before ANDERSON, BARRETT, and MURPHY, Circuit Judges.

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security.  P.L. No. 103-296.  Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

[**]      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff appeals the district court's order affirming the denial of his application for disability insurance benefits. Plaintiff applied for benefits on March 20, 1989, claiming disability beginning in October of 1988 due to loss of energy, breathing difficulties, heart problems, a ruptured lower back disc, stress intolerance, post-traumatic stress syndrome, depression, anxiety, and a personality disorder. Plaintiff appealed the administrative law judge's (ALJ) decision finding him not disabled, and, ultimately, this court remanded for further consideration. A supplemental hearing was held and, in what became the final decision of the Commissioner, the ALJ concluded that plaintiff retained the residual functional capacity to perform sedentary work that would not expose him to respiratory irritants. This finding dictated that plaintiff could not perform his past relevant work but, after taking testimony from a vocational expert, the ALJ concluded that plaintiff could perform a significant number of jobs in the national economy and, therefore, that plaintiff was not disabled.

On appeal, plaintiff challenges the ALJ's assessment of his residual functional capacity on two grounds. First, plaintiff claims that the ALJ failed to

properly consider evidence of his mental impairments and failed to fully develop the record in this regard. Second, plaintiff argues that the ALJ did not consider his stress intolerance as an additional nonexertional impairment. We review the Commissioner's decision to determine whether the correct legal standards were applied and whether the findings are supported by substantial evidence in the record viewed as a whole. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). If they are so supported, we must affirm. See Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 741 (10th Cir. 1993). Our review of the record evinces both that the Commissioner applied the correct legal standards and that substantial evidence supports the Commissioner's determination that plaintiff is not disabled.

The ALJ completed a Psychiatric Review Technique (PRT) in conjunction with his first decision. Plaintiff argues that the ALJ should have completed a second PRT after remand. Plaintiff submitted no additional evidence of mental impairment after this court's remand, and, therefore, no additional PRT was necessary. The ALJ adequately and appropriately considered the evidence of plaintiff's alleged mental impairments. With regard to plaintiff's complaints of mental problems, the ALJ found "no evidence to establish that the claimant is significantly limited in his ability to understand, to use judgment, to carry out and remember simple instructions, to respond appropriately to supervisors and co-

workers, or to deal with changes in a routine work setting." Appellant's App. Vol. II at 242. Our review of the record supports that conclusion. We disagree with plaintiff's characterization of the ALJ's findings as inconsistent. The ALJ's finding that plaintiff did not have a mental impairment that had more than a minimal effect on his ability to engage in work activity, does not contradict the finding that there is no mental impairment to plaintiff's functional capacity. Neither do we find merit in plaintiff's complaint that the ALJ failed to fully develop the record and that he should have ordered a consultative exam. This record does not indicate that plaintiff's counsel requested a consultative exam, nor does it clearly establish the need for a consultative exam, and, therefore, the ALJ was under no duty to order one. See Hawkins v. Chater, 113 F.3d 1162, 1166-68 (10th Cir. 1997).

Finally, we find no error in the ALJ's consideration of plaintiff's nonexertional impairments. Our review of the record shows that, although he did not specifically single out stress intolerance in his decision, the ALJ properly considered the evidence relating to stress intolerance in his general findings regarding plaintiff's complaints of mental impairments, including post-traumatic stress disorder.

In conclusion, the record contains substantial evidence in support of the ALJ's findings regarding plaintiff's allegations of mental impairments. Consequently, the district court judgment affirming the Commissioner's denial of benefits is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge