**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 31 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN L. WATERDOWN,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 97-5214
(D.C. No. 96-CV-396-W)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA** and **McKAY**, Circuit Judges, and **BROWN**,[**] Senior District
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Wesley E. Brown, Senior District Judge, United States District
Court for the District of Kansas, sitting by designation.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant John L. Waterdown appeals from the district court's order affirming the decision of the Commissioner of Social Security denying his application for Supplemental Security Income Benefits under Title XVI of the Social Security Act.  Claimant applied for benefits in 1994, alleging disability as of May 4, 1994, as a result of nervousness, shortness of breath, arthritis, and dizziness.  Claimant's request for benefits was denied administratively and upon reconsideration.

A hearing before an administrative law judge (ALJ) resulted in a decision that claimant was not disabled.  Agency regulations establish a five-part test to determine disability under the Social Security Act.  See 20 C.F.R. § 416.920; Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).  In this case, the ALJ reached step five of the analysis, determining that, while claimant could not return to his past work, he was capable of work available in the national economy.  The Appeals Council denied review, and claimant filed suit in federal district court.  The magistrate judge's order affirmed the agency's decision to deny claimant benefits.[1]

---

[1]     The parties consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c)(1).  Accordingly, our jurisdiction over this appeals arises
                                                      (continued...)

Our review of the agency's decision is limited to determining whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.  See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  On appeal, claimant contends that 1) the ALJ's residual functional capacity assessment reflects errors in his review of the medical records, lacks evidentiary support, and fails to properly identify evidence in support of his determination that claimant's testimony was not credible, and 2) the ALJ's step five determination that claimant could perform work in the national economy is based on vocational testimony elicited by an incomplete hypothetical question.

After consideration of the arguments presented, and after careful review of the record on appeal, we conclude that the district court correctly decided this case.  Therefore, for substantially the same reasons set forth in the magistrate

---

[1](...continued)
under § 636(c)(3) and 28 U.S.C. § 1291.

judge's order dated September 17, 1997, the judgment of the United States

District Court for the Northern District of Oklahoma is AFFIRMED.


Entered for the Court


Wesley E. Brown
Senior District Judge