**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 6 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT G. COLLINS,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

       Defendant-Appellee.

No. 98-2037
(D.C. No. CIV-96-1418-MV)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **BALDOCK, EBEL,** and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert G. Collins appeals from an order of the district court affirming the decision of the Commissioner to deny Social Security supplemental security income (SSI) benefits at step five of the five-step sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step process). After reviewing the record as a whole to determine whether the Commissioner's findings are supported by substantial evidence and whether he applied the correct legal standards, see Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994), we affirm.

## BACKGROUND

Mr. Collins suffered an injury to his back on July 8, 1986, while working as a grocery store stocker. He then filed an application for social security insurance benefits. In connection with that earlier application, Mr. Collins was determined to be disabled for a closed period through April 9, 1989. After that date, he was determined to have the residual functional capacity for the full range of sedentary work in spite of back and leg problems, knee pain, headaches, dizziness, learning disabilities, solitary nature, and situational depression. See Collins v. Sec'y of Health & Human Serv., CIV No. 91-0549 JP/JHG, 1992 WL 551422 (D.N.M. Dec. 14, 1992), aff'd, No. 92-2286, 1993 WL 335811 (10th Cir. Aug. 26, 1993) (affirming termination of entitlement to disability insurance benefits).

-2-

Next, Mr. Collins filed an application for SSI benefits, seeking a determination of disability commencing August 27, 1993 based on pain, learning disabilities, and depression. An Administrative Law Judge (ALJ) determined that Mr. Collins was not disabled. The Appeals Council, however, granted Mr. Collins' request for review and remanded the matter with directions to obtain further evidence and evaluate his mental impairments and subjective complaints in accordance with the disability regulations.

On remand, the ALJ complied with the directions of the Appeals Council. After holding a hearing at which Mr. Collins and a vocational expert (VE) testified, the ALJ issued the denial of benefits prompting this appeal. Specifically, the ALJ found that: (1) Mr. Collins has a severe impairment or combination of impairments, including back problems, a pain disorder associated with psychological factors, a schizoid or schizotypal personality disorder, and borderline to mentally retarded intellectual functioning; (2) none of these impairments, solely or in combination, meets or equals the criteria of the relevant listing of impairments, see 20 C.F.R., Pt. 404, Subpt. P, App. 1; (3) Mr. Collins is limited to light work allowing for a change in position; (4) Mr. Collins is illiterate, with a poor ability to deal with social interaction, cope with work stresses, function independently, or carry out complex job instructions; (5) Mr. Collins cannot return to any relevant past job; and (6) notwithstanding his

limitations, Mr. Collins can perform jobs existing in significant numbers in the national and regional economies.

The Appeals Council denied Mr. Collins' request for review, so that the decision of the ALJ became the final decision of the Commissioner. On judicial review in the district court, the magistrate judge recommended that the ALJ's decision be affirmed, and the district court adopted the recommendation.

## DISCUSSION

In this court, Mr. Collins contends that the Commissioner's decision should be reversed for essentially three reasons: (1) the ALJ failed to consider and make explicit findings on all relevant medical evidence, all medically determined impairments, and the combined effect of all impairments; (2) the ALJ 's hypothetical questions to the VE took into account Mr. Collins' record for job reliability before his back injury, but did not acknowledge the lack of such a record after the injury; and (3) the ALJ failed to consider a prior administrative finding of autism.

Mr. Collins' first claim of error attacks the substantiality of evidence supporting the decision of the Commissioner. A review of the record, however, demonstrates that substantial evidence supports the ALJ's finding that, despite severe orthopedic and mental impairments, Mr. Collins can perform substantial gainful activity. In hypothetical questions addressed to the VE, the ALJ

specifically described the limitations established by the medical evidence and, in response, the VE identified a substantial number of jobs that an individual with these limitations could perform.

Concerning Mr. Collins' next claim of error, this court agrees that reliability is a factor in determining whether an individual can perform work for which he will receive remuneration. See Wright v. Sullivan, 900 F.2d 675, 680 (3d Cir. 1990). In the social security context, however, the term "reliability" refers to the claimant's ability to work on a consistent basis. See id. Thus, the focus is on capability, not historical performance. As noted, the hypothetical questions addressed to the VE included the information relevant to Mr. Collins' ability to work. The omission of his lack of a recent work history does not provide grounds for reversal.

Finally, Mr. Collins contends that the ALJ erred by failing to discuss the impairment of autism. Contrary to his counsel's assertions, there is no medical evidence that Mr. Collins is autistic. The term "autism" was introduced into this case only through the prior ALJ's evaluation of whether Mr. Collins met Listing 12.05 for Mental Retardation and Autism. See 20 C.F.R., Pt. 404, Subpt. P, App. 1. A review of the discussion demonstrates that the ALJ was assessing Mr. Collins under the criteria for mental retardation, not autism. Counsel's attempts to suggest a diagnosis of autism are inappropriate.

For substantially the reasons stated in the thorough analysis and recommended disposition submitted by the magistrate judge, this court concludes that the ALJ committed no reversible error in determining that Mr. Collins is not disabled under the Social Security Act.  We AFFIRM the judgment of the district court.

Entered for the Court

Michael R. Murphy
Circuit Judge