UNITED STATES COURT OF APPEALS

**Filed 12/19/96**

FOR THE TENTH CIRCUIT

CHRISTY I. JOHNSON,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 96-5042
(D.C. No. 95-C-158-J)
(N.D. Okla.)

ORDER AND JUDGMENT[**]

Before PORFILIO, ALARCON,[***] and LUCERO, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Although the caption refers to the Commissioner, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying agency decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***]     Honorable Arthur L. Alarcon, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Christy I. Johnson appeals from the district court's order affirming the decision of the Secretary of Health and Human Services to deny her benefits under Titles II and XVI of the Social Security Act. Claimant applied for benefits in June of 1992, alleging disability as a result of back injury. Her request for benefits was denied administratively and upon reconsideration.

A hearing before an administrative law judge (ALJ) was held in September of 1993. The ALJ's resulting decision denied benefits, concluding that claimant was not disabled. The Appeals Council denied review, and claimant filed suit in federal district court. The magistrate's order affirmed the agency's decision to deny benefits.[1]

Agency regulations establish a five-step sequential analysis to evaluate disability claims. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(describing five steps in detail). Here, the ALJ reached step five, determining that claimant could perform a full range of light work. Our review of

---

[1] The parties consented to proceed before the magistrate judge pursuant to 28 U.S.C. § 636(c)(1). Accordingly, our jurisdiction over this appeal arises under § 636(c)(3) and 28 U.S.C. § 1291.

the agency's decision is limited to determining whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).

On appeal, claimant contends that the ALJ erred because 1) he did not properly consider her allegations of disabling pain, 2) he failed to develop the record, and 3) he relied on the medical-vocational guidelines (the "grids"). After consideration of the arguments presented on appeal and after careful review of the record on appeal, we conclude that the agency and the district court correctly decided this case. Therefore, for substantially the same reasons set forth in the district court's order dated December 13, 1995, and the ALJ's decision dated August 8, 1994, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


John C. Porfilio
Circuit Judge