F I L E D
**United States Court of Appeals
Tenth Circuit**

**JAN 29 1997**

**PATRICK FISHER**
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

———————————

RUTH E. SPARKS,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security Administration,[*]

      Defendant-Appellee.

No. 96-6191
(D.C. No. CIV-95-747-T)
(W.D. Okla.)

———————————

ORDER AND JUDGMENT[**]

———————————

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

———————————

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]      Effective March 31, 1995, the functions of the Secretary of Health and
Human Services in social security cases were transferred to the Commissioner of
Social Security. P.L. No. 103-296. In the text we continue to refer to the
Secretary because she was the appropriate party at the time of the underlying
decision.

[**]      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Claimant Ruth E. Sparks appeals from an order of the district court affirming the final decision of the Secretary of Health and Human Services denying her application for social security disability insurance benefits.  Claimant contends that she has been disabled since October 1991 due to pain associated with arthritis and fibromyalgia and due to chronic fatigue.  The administrative law judge (ALJ) denied benefits at step four of the five-part sequential process for determining disability.  See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988)(discussing five-step process).  The ALJ determined that claimant had the residual functional capacity to return to her past sedentary work as a receptionist and that she was therefore not disabled.  The Appeals Council affirmed, making the ALJ's determination the final decision of the Secretary.

We review the Secretary's  decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is adequate relevant evidence that a reasonable mind might accept to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971).

On appeal, claimant contends that the ALJ failed to adequately develop the record concerning her subjective complaints because the hearing was too brief, he limited her testimony regarding her pain, and he did not question her concerning the effects of her chronic fatigue. An ALJ has a duty to develop the record and learn the claimant's version of the facts, but the length of the record is not dispositive of whether the ALJ fulfilled this duty. Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993). The key inquiry is whether the ALJ developed the record sufficiently to reflect the nature of the claimant's impairments, the on-going treatments and medications the claimant is receiving, and the impact of the impairments on the claimant's daily activities. Id. We have reviewed the record, which includes claimant's statements regarding her subjective complaints in addition to her hearing testimony, and conclude that the ALJ adequately developed the record. See also Born v. Secretary of Health & Human Servs., 923 F.2d 1168, 1172 (6th Cir. 1990) (rejecting contention ALJ failed to develop record where, inter alia, claimant failed to indicate what information or evidence would have been produced by further questioning).

Claimant also contends that the ALJ improperly evaluated her credibility regarding her subjective complaints. We conclude that the ALJ's credibility assessment was adequately linked to substantial evidence in the record and met

the requirements set forth in our cases such as <u>Kepler v. Chater</u>, 68 F.3d 387, 390-91 (10th Cir. 1995).

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge