**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 25 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

YUELL O. CANIDA,

      Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner, Social Security
Administration,*

      Defendant-Appellee.

No. 97-5032
(D.C. No. 95-CV-1231-J)
(N.D. Okla.)

ORDER AND JUDGMENT**

Before TACHA, MCKAY, and BALDOCK, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Yuell O. Canida appeals from an order of the magistrate judge[1] affirming the decision of the Secretary of Health and Human Services, denying his application for disability insurance and supplemental security income benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. 405(g), and we affirm.

At the time of his administrative hearing, claimant, a fifty-two year old man, alleged disability since April 1, 1989, due to lower back pain. Although claimant had been deaf in his right ear since birth and had some left ear hearing loss, he claimed the only reason he could not work was the back pain. Concluding that claimant could perform his past relevant work as a janitor, the administrative law judge (ALJ) found claimant not disabled at step four of the five-step process for determining disability, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing the five steps in detail).

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to final adjudication of this matter by the magistrate judge.

In his request for Appeals Council review, claimant submitted additional evidence of borderline mental retardation and depression. The Appeals Council found that neither claimant's contentions of error in the ALJ's decision or the additional evidence of mental impairment provided a basis for review. The magistrate judge affirmed the Secretary's decision and claimant appeals.

On appeal, claimant contends that (1) the ALJ erred in finding claimant's subjective complaints of pain to be incredible; (2) the Appeals Council erred in evaluating the evidence of claimant's mental impairments; (3) the ALJ's conclusion that claimant could return to his past relevant work as a janitor was not supported by substantial evidence; and (4) the ALJ did not adequately develop the record as to the demands of claimant's past relevant work as he actually performed it.

We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). We do not, however, reweigh the evidence or substitute our judgment for that of the Secretary. See Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991).

We have thoroughly reviewed the parties' briefs and the record on appeal, and are satisfied that claimant's contentions of error have no merit. The

magistrate judge thoroughly and correctly addressed the issues raised by claimant. Therefore, we affirm for substantially the reasons stated in the magistrate judge's Order of December 23, 1996.  <u>See</u> Appellant's App., Vol. I at 6-29. AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge