**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

RAY A. WHITNEY,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

      Defendant-Appellee.

No. 97-5133
(D.C. No. 96-CV-86-W)
(N.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

Plaintiff appeals the district court order affirming the denial of plaintiff's

application for disability insurance benefits. In what became the final decision of

---

[*]    Pursuant to Fed. R. App. P. 43(c), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

[**]    The case is unanimously ordered submitted without oral argument pursuant
to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

the Commissioner, the administrative law judge (ALJ) found that plaintiff had the residual functional capacity (RFC) to perform a full range of sedentary work, subject to the need to sit and stand at his discretion. Although this RFC precluded plaintiff from performing his past relevant work as a truck driver and heavy equipment operator, the ALJ found, based upon testimony from a vocational expert (VE), that plaintiff could perform a significant number of jobs in the national economy and, therefore, was not disabled.

On appeal, plaintiff does not challenge the ALJ's assessment of his RFC. Instead, plaintiff raises two challenges to the ALJ's determination that he can perform a significant number of jobs in the national economy. Based on the VE's testimony, the ALJ found there were three jobs that plaintiff could perform: (1) scale man, of which there are 2,936 positions nationally and 70 positions in Oklahoma; (2) service dispatcher, of which there are 137,243 positions nationally and 2,126 in Oklahoma; and (3) surveillance system monitor, of which there are 5,580 positions nationally and 175 positions in Oklahoma. Plaintiff argues that he does not have the skills or aptitude to perform the job of service dispatcher and that the number of remaining potential jobs is not "significant," as required by 20 C.F.R. §§ 404.1560, 404.1561, 404.1566.

We review the Commissioner's decision to determine whether the correct legal standards were applied and whether his "factual findings are supported by

-2-

substantial evidence in the record viewed as a whole." Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "If supported by substantial evidence, the [Commissioner's] findings are conclusive and must be affirmed." Sisco v. United States Dep't of Health & Human Servs., 10 F.3d 739, 741 (10th Cir. 1993).

Based upon our careful review of the record, we conclude that the ALJ applied the correct legal standards and that substantial evidence supports his determination that plaintiff can perform a significant number of jobs despite his impairments. Therefore, we AFFIRM the judgment of the district court.

Entered for the Court

Carlos F. Lucero
Circuit Judge