**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**SEP 10 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BRENDA KNOLL,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 98-5023
(D.C. No. 96-CV-1029-M)
(N.D. Okla.)

---

ORDER AND JUDGMENT  *

---

Before **BRORBY, McKAY,** and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore

ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Brenda Knoll appeals from an order of the magistrate judge[1] affirming the decision of the Commissioner to deny Social Security disability insurance benefits and supplemental security income at step five of the five-step sequential process for determining disability. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step process). We affirm.

Ms. Knoll, who is presently thirty-seven years old, has worked as a rehabilitation training specialist, hanger at a chicken plant, telephone solicitor, rental reservation agent, customer service representative, and telephone salesperson. She asserts that she has been unable to work since June 1989, due to the residual effects of an automobile accident in September 1988.

The medical evidence shows that Ms. Knoll suffered severe injuries in the accident, including fractures of the pelvis and tail bone. Since then, she has continued to seek treatment for back pain, gastrointestinal problems associated with medication, headaches, fatigue, and depression. At the hearing before the Administrative Law Judge (ALJ), Ms. Knoll testified about back and neck pain radiating to her left hip, left leg, and arms; numbness in her foot, arms, and legs; headaches; and grogginess as a side effect of medication. She also testified that, with some modifications, she cares for her three children, performs household

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties consented to proceed before the magistrate judge.

chores, drives a car ten miles almost daily, shops, and attends church and school functions. She could lift ten pounds, stand thirty minutes, walk around a block, and sit twenty to thirty minutes.

The ALJ recognized that Ms. Knoll's impairments reduce her ability to work, and that she could not return to her former past relevant work. He determined, however, that she has the residual functional capacity to perform a range of unskilled work, subject to no lifting in excess of ten pounds, and the ability to change positions. Based on testimony of a vocational expert, he found that she is capable of performing sedentary work existing in significant numbers in the national economy. Therefore, the ALJ concluded that Ms. Knoll is not disabled and not entitled to benefits.

Ms. Knoll argued in the district court that the Commissioner's decision should be reversed for three reasons: (1) the ALJ failed to properly consider her non-exertional impairments at step five; (2) the ALJ failed to make specific findings concerning her residual functional capacity; and (3) the vocational testimony was elicited by an incomplete hypothetical and was internally inconsistent. In a thoughtful opinion, the magistrate judge addressed Ms. Knoll's issues, rejected her arguments, and affirmed the decision of the Commissioner. On appeal, Ms. Knoll essentially repeats the arguments she made to the magistrate judge.

We have reviewed the record as a whole to determine whether the Commissioner's findings are supported by substantial evidence and whether he applied the correct legal standards. <u>See</u> <u>Castellano v. Secretary of Health & Human Servs.</u>, 26 F.3d 1027, 1028 (10th Cir. 1994). We conclude that the Commissioner committed no reversible error in determining that Ms. Knoll is not disabled under the Social Security Act.

We AFFIRM the judgment of the United States District Court for the Northern District of Oklahoma for substantially the same reasons stated in the order of the magistrate judge. A copy of the magistrate judge's order is attached to this order and judgment.

Entered for the Court

Wade Brorby
Circuit Judge

-4-