**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DAMON N. DUNBAR,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,   *

      Defendant-Appellee.

No. 98-6132
(D.C. No. 96-CV-1380)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**  **

---

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     Pursuant to Fed. R. App. P. 43(c)(2), Kenneth S. Apfel is substituted for
John J. Callahan, former Acting Commissioner of Social Security, as the
defendant in this action.

\*\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Claimant Damon N. Dunbar appeals from the     district court's order affirming the decision of the Commissioner of Social Security denying his applications for disability and supplemental security income benefits.  Agency regulations establish a five-step sequential analysis to evaluate disability claims.  See Williams v. Bowen  , 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail).  Here, the administrative law judge (ALJ) reached step five of the analysis, determining that, although claimant could not return to his past relevant work, he could perform other work available in the national economy.

Claimant filed suit in   district court and the court, adopting the magistrate judge's findings and recommendation, affirmed the agency's denial of benefits.  Our jurisdiction over this appeal arises under 28 U.S.C. § 1291.  Our review of the agency's decision is limited to determining whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.   See Castellano v. Secretary of Health & Human Servs.   , 26 F.3d 1027, 1028 (10th Cir. 1994).

On appeal, claimant contends that the ALJ failed to 1) properly consider evidence of claimant's alleged mental impairments, 2) develop the record with regard to those alleged mental impairments, and 3) properly include the alleged

mental impairments in the hypothetical question posed to the vocational expert at claimant's disability hearing.

After careful review of the record on appeal and consideration of claimant's arguments in light of the applicable legal standards, we conclude that substantial evidence supports the agency's decision and that the ALJ applied the correct legal standards. Further, the district court correctly decided this case. Therefore, for substantially the same reasons set forth in the magistrate judge's findings and recommendation, dated November 4, 1997, the judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge