F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**APR 30 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ELMO LOUISE THOMPSON,

    Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

    Defendant-Appellee.

No. 98-5108
(D.C. No. 96-CV-874-E)
(N.D. Okla.)

ORDER AND JUDGMENT  *

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

        After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is

therefore ordered submitted without oral argument.

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Elmo L. Thompson appeals from the district court's order affirming the decision of the Commissioner of Social Security denying her applications for disability and supplemental security income benefits. Agency regulations establish a five-step sequential analysis to evaluate disability claims. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Here, the administrative law judge (ALJ) reached step five of the analysis, relying on the Medical-Vocational Guidelines (the "Grids") to determine that claimant was disabled as of her 55th birthday, but not before that date.

Claimant filed suit in district court; the court affirmed the agency's denial of benefits. Our jurisdiction over this appeal arises under 28 U.S.C. § 1291. Our review of the agency's decision is limited to determining whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).

On appeal, claimant contends that the ALJ should have concluded that she was disabled before her 55th birthday. She argues that: 1) the ALJ improperly relied on the Grids in the presence of evidence supporting her allegations of a severe mental impairment; 2) the ALJ's analysis of her allegations of pain and his credibility determination were improper because not supported by the record or

-2-

based on an incomplete record; and 3) the agency failed to meet its burden at step five to demonstrate that claimant could perform a full range of light work.

After careful review of the record on appeal and consideration of claimant's arguments in light of the applicable legal standards, we conclude that substantial evidence supports the agency's decision and that the ALJ applied the correct legal standards. Further, we conclude the district court correctly decided this case. Therefore, for substantially the same reasons set forth in the district court's order, dated April 20, 1998, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge