**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 22 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

BENNY R. MARTIN,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-7033
(D.C. No. CV-98-252-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT [*]

---

Before **ANDERSON** , **BARRETT** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Benny R. Martin appeals the district court's order affirming the Commissioner's determination that he is not entitled to disability insurance and supplemental security benefits. We affirm.

In September 1988, claimant injured his back in an on-the-job accident. He was cleared to return to work a week after his accident, restricted only to using proper lifting techniques. Claimant did not return to work and sought treatment from a series of doctors for alleged pain stemming from his back injury. In November 1990, claimant was again released to return to work, with the restriction that he not lift more than thirty pounds four times in one eight-hour shift or more than twenty-pounds twelve times in one shift. Claimant did not return to work. One month later, he applied for social security benefits claiming he had been unable to work since September 1988 because of back pain.

On December 4, 1997, following a second administrative hearing, the Administrative Law Judge (ALJ) determined, at step five of the sequential analysis, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), that while claimant could not return to any of his past relevant work, he had the residual functional capacity (RFC) to perform a narrowed range of light and sedentary work. Based on testimony from a vocational expert, the ALJ concluded that claimant could perform other jobs that existed in significant numbers in the

national economy. Thus, the ALJ found claimant was not disabled and not entitled to disability insurance benefits or supplemental security income benefits.

The Appeals Counsel affirmed the ALJ's decision, making it the Commissioner's final decision. The district court adopted the findings and recommendation of the magistrate judge and affirmed the Commissioner's decision. We review the Commissioner's decision to ascertain whether it is supported by substantial evidence in the record and whether the Commissioner applied the correct legal standards. *See Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).

On appeal, claimant contends that the ALJ erred in failing to include a restriction regarding an alleged reaching limitation in his RFC determination and, therefore, failed to meet his step-five burden to show that there are jobs claimant can perform. A consultative physician examined claimant in February 1992, and completed an RFC assessment which indicated, among other things, that claimant could reach only infrequently. Although the ALJ did not make a specific finding whether claimant's RFC was limited by the need to reach only infrequently, that error, if any, is harmless in light of the VE's uncontroverted testimony that claimant could perform the job of surveillance monitor with such a reaching restriction. The VE testified there are 1,000 such jobs in Oklahoma and 65,000 such jobs nationally. We have "never drawn a bright line establishing the number

of jobs necessary to constitute a 'significant number,'" leaving that decision to the ALJ's "common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Trimiar v. Sullivan*, 966 F.2d 1326, 1330 (10th Cir. 1992) (quotation omitted).

Claimant argues that the VE's testimony that there are 1,000 surveillance system monitor jobs in Oklahoma is inaccurate. He challenges this testimony, asserting without any evidentiary support whatsoever, that "most" vocational experts testify that only 300 such jobs exist locally. Claimant has not presented any evidentiary or legal basis to question the VE's testimony. We find no reversible error in the ALJ's determination that there are a significant number of jobs claimant could perform.

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

James E. Barrett
Senior Circuit Judge