**Betty L. NEIKIRK, as Representative–Plaintiff for Lisa M. Neikirk, Plaintiff,**

v.

**Kenneth APFEL, Commissioner of Social Security, Defendant.**

No. CIV. A. 99–K–1907.

United States District Court,
D. Colorado.

July 10, 2000.

Mary C. Rabbitt, Legal Aid Society of Metro Denver, Denver, CO, R. Eric Solem, Solem, Mack & Steinhoff, P.C., Englewood, CO, for Plaintiff.

Michael E. Hegarty, U.S. Attorney's Office, Civil Division, Yvette G. Keesee, U.S. Department of Justice, for Defendants.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

This appeal presents an issue of law rather than a challenge to the quantum of evidence supporting the Defendant's final decision. Representative–Plaintiff, Betty L. Neikirk, mother and legal guardian of Lisa M. Neikirk, seeks reversal of a final Social Security decision upholding a determination that Lisa is no longer eligible for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383c. Jurisdiction exists under 42 U.S.C. § 405(g). I deny the appeal and affirm.

### I. *BACKGROUND*

Lisa M. Neikirk, aged 32, was found disabled due to Downs Syndrome. On November 29, 1994, her father, a retired postal worker, died and she became eligible for a civil service annuity in the amount of approximately $300 per month administered by the Office of Personnel Management ("OPM"). Before her father's death, Lisa received Disabled Adult Child ("DAC") benefits from the Social Security Administration ("SSA") and SSI. Because of Lisa's mental impairment, the annuity was paid to Betty L. Neikirk as legal guardian. On or about May 25, 1995, the SSA advised the monthly annuity counted as income to Lisa and, when combined with the DAC benefit and her monthly wages, disqualified her for SSI benefits.

On June 6, 1995, Betty L. Neikirk established a Supplemental Needs Trust for the benefit of Lisa. Commencing August 1995, OPM paid the monthly annuity payments to "Betty L. Neikirk, Trustee for Lisa M. Neikirk Supp Needs Tr," (*id.* at 186). The

trust declaration states the trust is irrevocable and names the State Medicaid Fund as the residual beneficiary upon Lisa's death.

On July 20, 1995, the Bridge Community, Lisa's representative-payee for her SSI payments, filed a Request for Reconsideration on the grounds that: "Lisa does not receive any benefit from Postal Annuity Funds and does not have access to these," referring to the Supplemental Needs Trust. (R. at 106.) The SSA formally denied the Request for Reconsideration on March 1, 1996, based on instructions in SSA's Program Operations Manual System ("POMS") that the civil service annuity payments are non-assignable and may not be paid directly into a trust. (*Id.* at 128.) The Bridge Community filed a request for a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 157, 159.) On May 30, 1997, this request was changed to a request for a decision on the record without a hearing. (*Id.* at 281.)

On September 21, 1997, the ALJ issued a decision finding "[d]uring the period at issue [Lisa] had unearned income consisting of civil service annuity payments" and "this unearned income, together with other earned and unearned income made her ineligible for Supplemental Security Income," (*id.* at 43). On November 20, 1997, a Request for Review was filed with the Appeals Council. (*Id.* at 6–7.) On July 30, 1999, the Appeals Council denied the request for review, (*id.* at 4–5), making that decision the final agency decision for the purposes of judicial review. This appeal follows.

## II. *STANDARD OF REVIEW*

I examine the record and evaluate whether the Commissioner's factual findings are supported by substantial evidence in the record viewed as a whole and whether the Commissioner applied the correct legal standards. *See Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir.1994).

## III. *MERITS OF APPEAL*

■■■■ The issue on this appeal is whether the applicable law and regulations support the Commissioner's decision that Lisa's civil service annuity had to be counted as unearned income, which together with her receipt of DAC benefits and her earnings from work, made her ineligible to continue receiving SSI.[1] A claimant who is medically eligible for SSI based on disability must also establish her income and resources do not exceed prescribed limits. *See* 42 U.S.C. § 1382(a); 20 C.F.R. § 416.202(c),(d) (1999). The Commissioner's regulations define "income" in general terms as "the receipt by an individual of any property or service which [she] can apply, either directly or indirectly or by sale or conversion, to meeting [her] basic needs," 20 C.F.R. § 416.120(c)(2). "Income is anything you receive in cash or in kind that you can use to meet your needs for food, clothing, and shelter." *Id.* § 416.1102. "[U]nearned income" includes "any payments received as an annuity, pension, retirement, or disability benefit, including veterans' compensation and pensions, workmen's compensation payments, old-age, survivors, and disability insurance, railroad retirement annuities and pensions, and unemployment insurance benefits." 42 U.S.C. § 1382a(a)(2)(B).

Betty L. Neikirk contends the annuity payments are not countable as income or

---

1. Betty L. Neikirk raises additional issues, namely (1) the Lisa M. Neikirk Trust was properly created pursuant to the requirements of 42 U.S.C. § 1396p(d)(4)(A); (2) distributions from the trust have been made in accordance with the terms of the trust; (3) Congress has approved the use of certain kinds of trusts as exceptions to the general rule that trusts are not valid for the purpose of establishing Medicaid and SSI eligibility.

The Commissioner does not disagree with Betty L. Neikirk's position on these issues but correctly points out they have no bearing on the key issue presented, whether the civil service annuity payments constitute unearned income that must be counted in determining Lisa's eligibility for SSI. Because I determine both the facts and law support the Commissioner's decision on the main issue, I do not reach the other issues raised on appeal.

resources because they are paid to the trust and, as such, are legally unavailable to Lisa for her basic support. The ALJ found, however, the annuity payments are not paid to the trust but to Betty L. Neikirk who as guardian, stands "in the shoes" of Lisa. (R. at 38.) Nor, the ALJ found, had the annuity payments been assigned to the trust, noting that the law does not provide for such payment. *See* 5 U.S.C. § 8345(e) ("[p]ayment [of a civil service retirement annuity] due ... an individually mentally incompetent ... may be made to the person who is constituted guardian or other fiduciary by the law of the State of residence of the claimant ....") The ALJ correctly found Betty L. Neikirk initially received the annuity payments as Lisa's guardian and continues to receive them as a guardian or fiduciary in her capacity as trustee. (*Id.* at 39–40.)

The ALJ also noted the guidelines used by the SSA in determining "countable" income for the purpose of SSI eligibility are set forth in the POMS which states: "Certain payments are non-assignable by law and, therefore, are income of the individual entitled to payment under regular income rules." (R. at 39, citing POMS SI 01120.200 G.1.C.[2]) Such payments include "[f]ederal employee retirement payments (CSRS, FERS) administered by the Office of Personnel Management," *id.* The POMS further notes such payments "may not be paid directly into a trust, but individuals may attempt to structure trusts so that it appears that they are so paid." *Id.*

Betty L. Neikirk argues the OPM agreed to pay the annuity to the Lisa M. Neikirk Trust (rather than to her as trustee or guardian) in August 1995 and this is in accordance with 5 U.S.C. § 8345(e) permitting payment due to an individual mentally incompetent to her guardian or fiduciary. It is undisputed that the statute allows OPM to pay an annuity to the guardian or fiduciary as the "person whom it reasonably believes will most likely relay that benefit to the minor," *Brown v. Office of Personnel Management,* 33 M.S.P.R. 339, 342 (1987). In this case, the OPM exercised its discretion to pay the annuity to "Betty L. Neikirk, Trustee for Lisa M. Neikirk Supp Needs Tr," (R. at 186.) As the ALJ correctly concluded, however, the OPM is not paying the annuity directly into the trust. Lisa M. Neikirk may (through the conservator of her estate if she is incompetent) at any time request the OPM to make the annuity payments directly to Lisa or another member of her family. Thus, Betty L. Neikirk's argument that the monies, once placed in the trust, cannot be liquidated by Lisa pursuant to 20 C.F.R. § 416.1201(a)(1) (1999), are not "actually available" to her, and cannot be considered a "countable resource" fails.

The statute does provide: "An individual entitled to an annuity from the Fund may make allotments or assignments of amounts from his annuity for such purposes as the Office of Personnel Management in its sole discretion considers appropriate." 5 U.S.C. § 8345(h). Betty L. Neikirk relies on this provision in arguing the ALJ erred in ruling, based on the POMS, the annuity payments are "non-assignable" by law. Section 8345(h) has, however, been narrowly interpreted to contemplate allotments or assignments to organizations, rather than trusts. *See* 5 C.F.R. §§ 831.1501, 831.1511 (1999) (defining authorized allottees); *see also SSA v. Baltimore Federal Credit Union v. Bizon,* 42 B.R. 338, 345 (D.Md.1984) (noting "the regulations issued by [the] Office of Personnel Management indicate that that [sic] right of assignment is severely restricted"); *Haqq v. Office of Personnel Management,* 30 M.S.P.R. 230, 231 (1986) (holding appellant was not entitled pursuant to 5 U.S.C. § 8345(h) to an assignment of survivor annuity benefits due to his mother because he was not an "allottee" as described in 5 C.F.R. § 831.1511).[3]

---

**2.** The ALJ cites as authority POMS SI 01120.200 F.1.C whereas in the March 2000 POMS version I reviewed, the correct citation is to POMS SI 01120.200 G.1.C.

**3.** Further, 5 U.S.C. § 8346(a) provides: "The money mentioned by this subchapter [civil

## IV. CONCLUSION

For the aforesaid reasons, I conclude the Commissioner applied the correct legal standards in reaching the conclusion that SSA properly terminated Lisa M. Neikirk's SSI payments under Title XVI of the Social Security Act because she had countable unearned income in the form of federal annuity payments and such conclusion is supported by substantial evidence in the record. Accordingly, I deny the appeal and AFFIRM.

service retirement] is not assignable either in law or equity, except under the provisions of subsections (h) and (j) of section 8345 of this title ...." Notably § 8346(a) does not except § 8345(e) allowing payment due an individual mentally incompetent to her guardian.