**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

NAN H. PARRISH,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-1337
(D.C. No. 98-M-858)
(D. Colo.)

---

**ORDER AND JUDGMENT**   *

---

Before **BALDOCK** , **McKAY** , and **BRISCOE** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Nan H. Parrish appeals from the district court's order affirming the decision of the Commissioner denying her application for disability benefits under Title II of the Social Security Act. Our jurisdiction over this appeal arises under 28 U.S.C. § 1291.

Agency regulations establish a five-step sequential analysis to evaluate disability claims. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Here, the administrative law judge (ALJ) reached step five of the analysis, determining that claimant could perform jobs which exist in significant numbers in the national economy. We review the agency's decision under a deferential standard, determining only whether the decision is supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).

The ALJ held a hearing at which a vocational expert (VE) testified that claimant was capable of performing certain jobs. On appeal, as before the district court, claimant complains that the job descriptions the VE used do not relate to those contained in the Dictionary of Occupational Titles (DOT) and that similarly-titled jobs listed in the DOT do not match claimant's residual functional capacity, skill level and nonexertional limitations. While claimant does not cite to this court's opinion in *Haddock v. Apfel*, 196 F.3d 1084 (10th Cir. 1999), we conclude

that *Haddock* controls here. "We hold that before an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point." *Id.* at 1087. It is clear from our review of the record on appeal that this process did not take place at claimant's hearing. Therefore, the correct legal standards were not applied and we reverse.

Accordingly, we need not address the balance of claimant's arguments on appeal, although we note that several of them were not presented to the district court and therefore were not preserved for appeal. *See Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1314 n.4 (10th Cir. 1998).

REVERSED and REMANDED to the district court with instructions to remand the case to the agency for further proceedings in light of *Haddock*.

Entered for the Court

Mary Beck Briscoe
Circuit Judge