**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LEROY S. LOPEZ,

        Plaintiff-Appellant,

  v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant-Appellee.

No. 05-1341
(D.C. No. 04-CV-1885-EWN)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BRISCOE**, and **MURPHY**, Circuit Judges.

      Plaintiff Leroy S. Lopez appeals from the district court's order affirming

the Social Security Commissioner's denial of his application for disability and

supplemental security income benefits. Exercising our jurisdiction under

28 U.S.C. § 1291, we affirm.

_____

[*]       After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

*Background*

Plaintiff applied for disability benefits on March 11, 2002, claiming disability as of November 28, 2001, due to gouty arthritis and back pain. After his claim was denied, Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which took place on April 29, 2004. The ALJ issued a decision on May 24, 2004. He concluded that Plaintiff was not disabled at step four of the sequential evaluation process, *see* 20 C.F.R. § 404.1520, because he found that despite Plaintiff's severe impairments, Plaintiff retained the residual functional capacity (RFC) to perform a full range of sedentary work, including his past relevant work as a telemarketer. In making his decision, the ALJ rejected Plaintiff's treating physician's opinion regarding Plaintiff's physical limitations. The ALJ also found Plaintiff's own description of his limitations inconsistent with other evidence in the record and therefore not credible.

Plaintiff's appeal challenges the ALJ's RFC determination. Specifically, he argues that the ALJ did not have a valid reason for rejecting his treating physician's opinion or his own testimony concerning his physical limitations. Instead of relying on the medical evidence, he claims that the ALJ erroneously substituted his own opinion for that of Plaintiff's doctors and made an RFC determination without any record support.

*Standard of Review*

"The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence, and whether she applied the correct legal standards." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence . . . is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Our review entails a meticulous examination of the record to ensure that the substantiality test has been met, but "we may neither reweigh the evidence nor substitute our judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quotation omitted).

*Treating Physician's Opinion*

Dr. Donald Primer was Plaintiff's treating physician. The ALJ found, based partly on Dr. Primer's treatment notes, that "[the] medical evidence establish[ed] a history of gouty arthritis and disorders of the cervical and lumbar spine." Admin. R. at 16. He further found these impairments to be severe. Thus, it appears that Dr. Primer's medical opinion was not wholly rejected. Rather, the ALJ accepted his medical diagnoses, at least in part, but rejected his opinion concerning the physical limitations that Plaintiff's impairments imposed.

We have held that "[t]he ALJ must give controlling weight to the treating physician's opinion, provided that opinion is well-supported [ ] and is not inconsistent with other substantial evidence." *White*, 287 F.3d at 907 (quotation

-3-

and alteration omitted). The type of opinion typically accorded controlling weight concerns the "nature and severity of the claimant's impairments including the claimant's symptoms, diagnosis and prognosis, and any physical or mental restrictions." *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1029 (10th Cir. 1994). Sometimes, as happened in this case, the treating physician also offers an opinion that the claimant is totally disabled, but we have held that such an opinion "is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." *Id.* With this legal framework in mind, we turn to Dr. Primer's opinion concerning Plaintiff's physical limitations.

Dr. Primer first treated Plaintiff on April 19, 2002. His treatment notes reveal that he observed lumps on Plaintiff's elbows caused by gout, but that Plaintiff was otherwise in no acute distress. That same day, Dr. Primer completed an Initial Examination Report for the Colorado Department of Human Services. He indicated that Plaintiff had a history of polyarthritis, pain, redness, and swelling in the joints, but that his prognosis was "good." Admin. R. at 134. He opined that Plaintiff should be restricted to sedentary work (involving lifting no more than 10 pounds and sitting with occasional walking and standing) and that Plaintiff would be employable with certain medication and adequate treatment of his gout. Curiously, however, Dr. Primer checked a box indicating that Plaintiff would be totally unable to work for a period of 6-8 months. As the ALJ noted,

there is no explanation for Dr. Primer's inconsistent opinions that Plaintiff (1) could engage in sedentary work with adequate treatment but (2) could not work at all for a period of 6-8 months.

Plaintiff was examined by a radiologist on or about July 17, 2002. The x-rays revealed "[m]oderate degenerative disc change from C3 through C6" and "[m]oderately severe degenerative disc narrowing at L2-3." *Id.* at 150. On July 18, 2002, Dr. Primer filled out a questionnaire at the request of Plaintiff's attorney, stating that Plaintiff could lift only 10 pounds on an occasional basis due to "severe degenerative disc disease of lumbar spine." *Id.* at 151. He also opined that Plaintiff could not engage in any repetitive activity with his upper extremities and could only sit and stand for 10-15 minutes before needing to change positions. There is nothing in the record to indicate that Dr. Primer examined Plaintiff at the time he provided this opinion. Rather, the opinion appears to be based solely on the July 17 radiological report.

According to the record, Dr. Primer last saw Plaintiff on October 30, 2002. His treatment notes state, "[e]xamination of [Plaintiff's] cervical and lumbar spine are unchanged with considerable tenderness and some limitation in range of motion. His deep tendon reflexes, strength and sensation are normal." *Id.* at 166. He also completed another medical form for the Colorado Department of Human Services, describing Plaintiff's prognosis as "chronic" and stating that in addition to gout, Plaintiff had been diagnosed with "DDD of spine - found on xray." *Id.* at

155-56. Like before, he indicated that Plaintiff could perform sedentary work, but also checked a box indicating that Plaintiff was disabled and unable to work at any job for a period of 12 months or more.

On appeal, Plaintiff challenges primarily the ALJ's disregard of Dr. Primer's opinion expressed in the July 18, 2002, questionnaire that Plaintiff can only sit and stand for 10-15 minutes at a time. Plaintiff argues that the ALJ had no basis to reject this opinion because there was no contrary medical evidence. Plaintiff relies heavily on *McGoffin v. Barnhart*, 288 F.3d 1248 (10th Cir. 2002), to support his argument. In that case, we stated that an ALJ "may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her own credibility judgments, speculation or lay opinion.*" *Id.* at 1252 (quotation omitted).

Plaintiff's argument is flawed in several respects. First, it fails to acknowledge that Dr. Primer's opinion concerning Plaintiff's physical limitations conflicts with his own finding that Plaintiff, properly treated, could perform sedentary work. In April and October of 2002, Dr. Primer noted on the Colorado Department of Human Services examination form that Plaintiff could engage in sedentary work. "Sedentary" is defined on the form as the ability to lift no more that 10 pounds and sit with occasional walking and standing. Plaintiff fails to reconcile Dr. Primer's opinion that he cannot sit and stand for more than 10-15 minutes with his concurrent opinion that Plaintiff can engage in sedentary work.

-6-

Second, the ALJ properly evaluated Dr. Primer's opinion in the context of the record as a whole.  *See* 20 C.F.R. § 404.1527(b) (stating that medical opinions must be considered with all the relevant evidence); *White*, 287 F.3d at 907 (explaining that a treating physician's opinion should be consistent with other substantial evidence).  In particular, the ALJ noted that although Plaintiff had not performed substantial gainful activity, he had engaged in fairly significant work during the time period of his alleged disability.  Some of this work apparently involved "a lot of lifting and working in the back."  Admin. R. at 164.  The ALJ also found that despite Plaintiff's gout and back pain, he was able to do his laundry, fish on warm days, shop for groceries, pay his bills, and go downtown two to three times a week.  The ALJ also pointed to medical evidence in the record from Dr. Michael Evans, who examined Plaintiff in January 2002.  At that time, Plaintiff's neck was "nontender, with full range of motion." *Id.* at 105.  Plaintiff was experiencing swelling in his elbow and hands caused by gout, but he had good range of motion and was neurologically intact.  Dr. Evans found no sensory deficits and noted that Plaintiff had a normal gait.

Additionally, the ALJ expressed doubt as to Dr. Primer's credibility in light of his inconsistent opinions and his apparent willingness to report that Plaintiff was completely disabled during a time period when Plaintiff was in fact working, albeit part-time.

In light of the foregoing, we cannot hold that the ALJ's disregard of

Dr. Primer's opinion was in error. In addition to the substantial contradictory

evidence, other factors counseled against the ALJ according Dr. Primer's opinion

controlling weight. The record reveals that Plaintiff only saw Dr. Primer between

April and October of 2002, and during that brief period, Dr. Primer examined

Plaintiff at most four times. The brief, infrequent nature of the treatment

relationship lends support to the ALJ's decision. *See White*, 287 F.3d at 907.

Finally, *McGoffin* is inapposite. In that case, we held that it was error for

the ALJ to disregard the treating physician's opinion based on "unfounded doubt"

that the physician agreed with a statement bearing his signature. 288 F.3d at

1252. Moreover, the opinion at issue was amply supported by the record, unlike

Dr. Primer's opinion here, which is at odds with much of the record evidence.

We conclude that the ALJ adequately considered the correct legal factors in

disregarding Dr. Primer's opinion and that the ALJ's decision was factually

supported by the record.

*Adverse Credibility Determination*

Plaintiff next contends that the ALJ had no valid reason for disregarding

his own testimony concerning his physical limitations. Here, the ALJ found the

following:

> [C]laimant's allegation that his impairments, either singly or in
> combination, produce symptoms and limitations of sufficient severity

to prevent all sustained work activity is inconsistent with the medical and other evidence of record and is not considered to be credible.

Admin. R. at 17. "We have emphasized that credibility determinations are peculiarly the province of the finder of fact, and should not be upset if supported by substantial evidence." *White*, 287 F.3d at 909 (quotations omitted). As we explained in *White*, the ALJ's credibility determinations are entitled to particular deference because, unlike appellate courts, they have the ability to meet the claimants and assess their physical abilities "in a direct and unmediated fashion." *Id.* at 910.

Here, the ALJ concluded that Plaintiff's testimony concerning his physical limitations was internally inconsistent and that his claim of complete disability was contradicted by other evidence in the record. Specifically, the ALJ noted that Plaintiff experienced normal reflexes, strength, and sensation, and required no on-going treatment besides prescription pain medication. The ALJ also pointed to Plaintiff's daily activities, finding them to be inconsistent with disabling pain, and to Plaintiff's regular part-time work during the time period of his alleged disability. We conclude that the ALJ employed the correct legal standard in disregarding Plaintiff's testimony concerning his physical limitations.

In sum, based on our careful review of the record, we hold that the ALJ's RFC determination is supported by substantial evidence. Therefore, the judgment of the district court is AFFIRMED.

In addition, because we hold that Plaintiff has failed to raise any reasoned, non-frivolous arguments on the law and facts in support of his appeal, his request to proceed in forma pauperis is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge